UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                          Case No. 21-cr-0226-bhl

AMINAT OMOTAYO ADENIYI AJAO,

          Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 821, 18 U.S.C. § 3582(c)(2)

Defendant Aminat Omotayo Adeniyi Ajao was charged in a thirteen-count indictment alleging money laundering conspiracy (Count One), five counts of money laundering (Counts Two through Six), four counts of unlawful financial transactions (Counts Seven through Ten), and three counts of false statements to a financial institution (Counts Eleven through Thirteen). (ECF No. 1 at 1–7.) Ajao entered a guilty plea to Count One. (ECF No. 37.) The Presentence Report calculated Ajao's total offense level as 19 and assessed zero criminal history points, resulting in an advisory guideline imprisonment range of 30 to 37 months. (ECF No. 41 at 17.)

Prior to Ajao's sentencing, on April 27, 2023, the United States Sentencing Commission proposed an amendment to the Sentencing Guidelines known as Amendment 821 or the 2023 Criminal History Amendment. Amendment 821, which has since become effective, allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and his or her offense of conviction did not involve any of nine specified aggravating factors. *See* U.S.S.G. §4C1.1(a). On August 24, 2023, the Commission voted to give retroactive effect to Amendment 821 and also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. The Amendment took effect on November 1, 2023.

When Ajao was sentenced on October 5, 2023, Amendment 821 had not yet taken effect. Nevertheless, the government asked the Court to apply the 2-level reduction in Ajao's offense level given that Ajao was a zero-point offender and thus would be eligible for the reduction when

Amendment 821 became effective on November 1, 2023. (ECF No. 52 at 1.) At sentencing, the Court explained it was technically overruling the objection because the Court was required to apply the guidelines as effective on the date of sentencing. (*Id.*) The Court emphasized, however, that it would consider the effect of the pending amendment, including the two-level deduction to Ajao's offense level and its impact on the resulting guideline range, as part of the Court's Section 3553(a) analysis when sentencing Ajao. (ECF No. 63 at 6–7.) The Court stated "if the Court were to . . . reduce the offense level by two today, the sentence I'm going to ultimately give will – would be the same. So there is no need to file a motion to amend the resulting sentence." (*Id.* at 7.) While the objection was technically overruled given the language of the guidelines that were in effect when Ajao was sentenced, the Court was clear that its sentence would be the same even if the 2-level deduction were applied. (ECF No. 52 at 1.) The Court then sentenced Ajao to 12 months and one day' imprisonment. (ECF No. 53 at 2.)

Ajao is currently serving this sentence at FCI Waseca, in Waseca Minnesota, with a projected release date of October 19, 2024. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 13, 2024). On May 8, 2024, Ajao filed a *pro se* motion for sentence reduction, pursuant to Amendment 821, 18 U.S.C. § 3582(c)(2). (ECF No. 67.)

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" pursuant to its authority to "review and revise" the guidelines under 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2). The statute further provides that the court may reduce a defendant's previously imposed term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court should not reduce a defendant's term of imprisonment, however, if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B).

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment and held that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821.

The Supreme Court directed district courts to follow a two-step approach in addressing requests to reduce a sentence based on a retroactive amendment to the guidelines. At step one, the district court must determine both whether the defendant is eligible for a sentence reduction and the extent of the reduction authorized. *Id.* at 827. Second, the Court must apply the sentencing factors set forth in Section 3553(a) and determine whether to exercise its discretion to reduce the previously imposed sentence. *Id.* The district court may not reduce a sentence beyond that authorized by the Sentencing Guidelines. *Id.* And, except in cases of substantial assistance, the court cannot reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," that is, the range produced by application of the retroactive guideline amendment. *See* U.S.S.G. §1B1.10(b)(2)(A).

As noted above, the Zero-Point Offender Amendment permits a two-level decrease in a defendant's offense level if the defendant has no criminal history points and the offense of conviction did not involve any of the enumerated aggravating factors. U.S.S.G. §4C1.1(a). Ajao appears to qualify for this amendment and after application of the amendment, Ajao's offense level is reduced by 2 levels to 17, and her advisory guideline range is reduced to 24 to 30 months. *Id.* at Chapter 5, Part A, Sent'g Table. Ajao, however, is ineligible for a sentence reduction. Ajao was sentenced to twelve months and one day, a sentence already below the amended guideline range and the Court cannot reduce Ajao's sentence to a term that is less than the amended guideline range. *See* U.S.S.G. §1B1.10(b)(2)(A); *see also Dillon,* 560 U.S. at 827. Moreover, even if the Court could reduce his sentence, it would not. As explained at sentencing, the Court considered the two-level reduction when Ajao was sentenced and noted that if the two-level reduction was applicable, the Court would issue the same sentence. *See* ECF No. 63 at 7.

Accordingly,

**IT IS ORDERED** that Defendant Ajao's motion to reduce sentence pursuant to Amendment 821, 18 U.S.C. § 3582(c)(2), ECF No. 67, is **DENIED.**

Dated at Milwaukee, Wisconsin on May 13, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge